UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOURNEYS ACADEMY, INC., a Florida
corporation d/b/a JOURNEYS – A
HOFFMAN LEARNING ACADEMY, INC.,

      Plaintiff,

v.                                       Case No: 2:13-cv-285-FtM-38UAM

PNC BANK, NATIONAL
ASSOCIATION, a Delaware national
banking association, and LIBERTY
BANCSHARES IOWA, INC., a foreign
corporation,
      Defendants.
_____/

**ORDER[1]**

This matter comes before the Court on Defendant, Liberty Bancshares Iowa, Inc.'s Motion to Dismiss (Doc. #5) filed on April 22, 2013. The Plaintiff, Journeys Academy, Inc., filed a response (Doc. #18) on May 9, 2013. Accordingly, the Motion is now ripe for review.

**BACKGROUND**

Plaintiff initiated this action by filing a Complaint (Doc. #2) on April 15, 2013. The Complaint alleges that the Defendant, Liberty Bancshares Iowa, Inc. ("Liberty") negligently allowed an unauthorized third person to open a bank account in Plaintiff's

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

name. The Plaintiff argues that as a "direct and proximate result of Liberty's negligence, Plaintiff has suffered damages."

The Plaintiff, Journeys Academy, Inc. ("Journeys"), is a Florida not-for-profit corporation founded by Loren Hoffman. Journeys opened a bank account with co-defendant, PNC Bank in May 2003. Journey's Chief Financial Officer, Larry Christopher ("Christopher"), opened a bank account at Liberty in Journeys name. Christopher made a series of 43 unlawful transfers, wiring out at least $360,000 from the PNC bank account into the Liberty account. Christopher then withdrew and used the funds for his own benefit.

Journeys claims it did not authorize Christopher to open the account with Liberty and it was unaware of the account's existence. According to the Complaint, Liberty permitted Christopher to open the account based on the "assurances of Christopher or a bogus corporate resolution." Plaintiff alleges that Liberty violated its own policies in allowing the Journeys Account to be opened. As a result, Journeys suffered a loss of its operating capital in the amount of $360,025.00. Liberty refuses to credit or reimburse Journeys for the unauthorized wire transfers.

## **DISCUSSION**

Liberty asserts that Plaintiff's claim for negligence should be dismissed because it did not owe Journeys, a third party, a duty of care. The Plaintiff argues that Liberty owed them a duty of reasonable care to not allow an unauthorized third person to open a bank account in their name.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.

Bedasee v Fremont Investment & Loan, 2010 WL 98996 * 1 (M.D. Fla. January 6, 2010) (citing Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Christopher v. Harbury, 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L. Ed.2d 413 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Insurance Co. v. Ground Down Engineering, Inc., 540 F.3d 1270, 1274 (11th Cir.2008) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1950, 173 L. Ed.2d 868 (2009). Dismissal is warranted under Fed. R. Civ. P. 12(b) (6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Bedasee, 2010 WL 98996 at * 1 (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir.1992).

In this case, Defendant alleges that it owed Plaintiff no duty of care necessary to support a claim for negligence therefore, the claim should be dismissed. "To maintain an action for negligence, a plaintiff must establish that the defendant owed a duty, that the defendant breached that duty, and that this breach caused the plaintiff damages." Fla. Dep't of Corrs. v. Abril, 969 So.2d 201, 204 (Fla. 2007). See Harbor Court, LLC v. Colonial Bancgroup, Inc., No. 08–80824–CIV, 2009 WL 455434, at *2 (S.D. Fla. Feb. 23, 2009). The first step in a negligence analysis is to identify the standard of care with

regard to a duty and then determine to whom that duty is owed. Therefore, if it is found that Liberty did not owe Journeys a duty of care, a negligence claim cannot be maintained.

The general rule is that a bank has a duty to use ordinary care, presumptively in all its dealings. In re Meridian Asset Mgmt., Inc., 296 B.R. 243, 259 (Bankr. N.D. Fla. 2003); See Fla. Stat. § 674.10. Banks owe a duty to customers. Wiand v. Wells Fargo Bank, N.A., 8:12-CV-00557-T-27, 2013 WL 1401414 (M.D. Fla. Apr. 5, 2013). However, as a matter of law, a bank does not owe a duty to non-customers regarding the opening and maintenance of its accounts. Sroka v. Bank, 2006-CA-001117, 2006 WL 2535656 (Fla. Cir. Ct. Aug. 31, 2006).

Liberty asserts that they did not owe Journeys a duty because Journeys is a "third party non-customer." Therefore, the basis of Liberty's argument relies on Journeys being a non-customer. Journeys argues that Liberty owed it a duty of reasonable care to not allow an unauthorized third person to open a bank account in their name.

Florida law defines "customer" as "a person having an account with a bank or for whom a bank has agreed to collect items." Fla. Stat. § 674.104(e). The Complaint alleges that Liberty permitted Christopher to open a "sham Journeys account" without authorization or approval. "That allegation, standing alone, demonstrates that Plaintiff was a customer of Defendant." Harbor Court, LLC v. Colonial Bancgroup, Inc., No. 08–80824–CIV, 2009 WL 455434, at *2 (S.D. Fla. Feb. 23, 2009). Even though the individual opening the account did not have authority to do so, the account that was opened was in Journeys name. Thus, Journeys was the account holder and accordingly, the customer of Liberty. The Complaint also alleges that Liberty breached

its duty by allowing Christopher to open the account without proper authority. Journeys further claims that as a result of Liberty's breach of duty, the third party was able to misappropriate funds from Journeys. Therefore, because the Complaint alleges facts sufficient to support a claim for negligence, Liberty's Motion to Dismiss must fail.

The Court finds that because Journeys was a customer, Liberty owed it a duty of care and therefore, Journeys negligence claim survives. Thus, Liberty's Motion to Dismiss is denied.

Accordingly, it is now

**ORDERED:**

Defendant, PNC Bank, Liberty Bancshares Iowa, Inc.'s Motion to Dismiss (Doc. #18) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of July, 2013.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record